FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2007 OCT -3 PM 4:03

H. CHING
CLERK

WINER MEHEULA & DEVENS, LLP

ANDREW S. WINER       (4039)
WILLIAM MEHEULA       (2277)
DEREK MAYESHIRO       (6858)
707 Richards Street, Penthouse 1
The Ocean View Center
Honolulu, Hawaii  96813
Tel. No. (808) 254-5855
Fax No. 254-6872

Attorney for Plaintiff SCD RMA, LLC d/b/a
RMA SALES CO., INC.

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| SCD RMA, LLC d/b/a RMA SALES CO., INC., <br><br>Plaintiff, <br><br>vs. <br><br>FARSIGHTED ENTERPRISE, INC., a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, <br><br>Defendants. | CIVIL. NO. 07-1-1856-10 G W B C <br>(Breach of Contract) <br><br>COMPLAINT; SUMMONS |

## COMPLAINT

SCD RMA, LLC d/b/a RMA SALES CO., INC., by and through its counsel,

Winer Meheula & Devens, LLP, and for its Complaint, alleges and avers as follows:

1.  Plaintiff SCD RMA, LLC dba RMA SALES CO., INC. ("RMA" or

"Plaintiff"), at all times pertinent herein, was a Hawaii corporation doing business in the State of

Hawaii, with its principal place of business in the City and County of Honolulu.



**EXHIBIT A**

2. Upon information and belief, Defendant FARSIGHTED ENTERPRISE, INC. ("FARSIGHTED" or "Defendant"), at all times pertinent herein, was a foreign corporation, doing business in the State of Hawaii.

3. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Entities 1-10, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendant, and are agents, servants, employees, employers, representatives, co-ventures, associates, vendors, suppliers, manufacturers, sub-contractors or contractors of the named Defendant, and/or are in some manner responsible for the injuries and damages to Plaintiff, and/or manufactured, and/or designed, and/or placed on the market, a product which was defective which defect was the proximate cause of the injuries and damages to Plaintiff, and/or in some other manner are related to the named Defendant and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to the Plaintiff or its attorney. Plaintiff herein prays leave to amend its Complaint to allege the true names, identities, capacities, activities and/or responsibilities of the Defendants set forth in this paragraph when the same are ascertained.

4. On or about July 12, 2006, RMA and Farsighted entered into a sales contract in which Farsighted agreed to supply vinyl louvers for use in a construction project at Waimea Canyon School in Waimea, Kauai, Hawaii.

5. Upon information and belief, Farsighted obtained the vinyl louvers from a manufacturer in China.

6. RMA received the vinyl louvers in three separate shipments on April 20,

2007, May 25, 2007, and July 23, 2007.

7. RMA subsequently delivered the vinyl louvers to Hamco Glass & Glazing, which installed the vinyl louvers at Waimea Canyon School.

8. On July 26, 2007, Hamco informed RMA that the vinyl weather-stripping on the louvers was detaching from the louvers, and it requested that RMA send a representative to resolve this problem.

9. On July 27, 2007, RMA notified Farsighted of this problem via e-mail, and it requested that Farsighted provide a solution to the problem.

10. To date, Farsighted has failed and refused to send a representative to Kauai, and it has failed and refused to investigate or solve the problem(s) with the vinyl louvers that it supplied.

11. On July 31, 2007, representatives of RMA and Hamco conducted a site inspection to determine the cause of the problem with the weather stripping.

12. On August 1, 2007, RMA provided photographs of the failing condition and samples of the failing weather-stripping to the designer of the vinyl louvers to review with Farsighted.

13. On August 2, 2007, RMA provided window frame and blade samples to the designer of the vinyl louvers to review with Farsighted.

14. On August 3, 2007, a representative from RMA spoke to the president of Farsighted regarding the failed weather-stripping issue. The president indicated that he needed to contact the factory in China, and that he would get back in touch with the representative from RMA. This did not occur.

15. On August 8, 2007, RMA provided written notice of the vinyl louver

3

failure to Farsighted.

16. On August 10, 2007, a representative of Farsighted informed a representative of RMA that the problem with the vinyl louvers was a design issue as opposed to a manufacturing issue.

17. On August 17, 2007, RMA wrote to Farsighted, and it demanded that Farsighted address the problem with the vinyl louvers or face legal action.

18. On August 22, 2007, representatives of RMA spoke with representatives of Farsighted in an effort to address the problem with the vinyl louvers. In this conversation, Farsighted: (a) refused to pay for independent diagnostic testing; (b) refused to pay for replacement vinyl louver blades; and (c) refused to pay for the removal and installation of acceptable replacement vinyl louvers.

19. On August 27, 2007, a representative of Farsighted wrote to RMA, and he indicated that Farsighted had not been provided adequate notice regarding the nature of the vinyl louver defect.

20. On August 31, 2007, RMA provided Farsighted with a report from Architectural Diagnostics Ltd. which indicated that the vinyl louver problem was related to defective manufacturing of the product.

21. In agreeing to supply the vinyl louvers to RMA, Farsighted had a contractual obligation pursuant to Haw. Rev. Stat. §§ 490:2-315 and 490:2-316 to supply merchantable products that were fit for its ordinary purposes and for the particular use at Waimea Canyon School.

22. By supplying defective vinyl louvers and not taking steps to investigate and remedy the problems identified above, Farsighted violated its statutory and contractual

obligations to RMA. Farsighted's actions constitute a breach of the applicable sections of the Uniform Commercial Code as well the subject contract.

23. Through its actions described above, RMA properly rejected acceptance of the vinyl louvers supplied by Farsighted, and it provided Farsighted with sufficient notice to research and cure the defect identified by RMA.

24. As a result of Farsighted's actions, RMA has sustained special damages as authorized by the Uniform Commercial Code and by common law in amounts to be determined at trial.

WHEREFORE, SCD RMA, LLC d/b/a RMA SALES CO., INC. herein demands judgment against Defendants, jointly and severally, as follows:

A. Special damages in amounts to be proven at the time of trial;

B. Attorneys' fees, costs of suit and both pre-judgment and post-judgment interest; and

C. Such other and further relief as the Court deems just and proper under the circumstances.

DATED: Honolulu, Hawaii  OCT 0 3 2007

ANDREW S. WINER
WILLIAM MEHEULA
DEREK T. MAYESHIRO

Attorneys for Plaintiff SCD RMA, LLC
d/b/a RMA SALES CO., INC.

5

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SCD RMA, LLC d/b/a RMA SALES CO., INC., | CIVIL. NO. _____<br>(Breach of Contract) |
| Plaintiff, | SUMMONS |
| vs. | |
| FARSIGHTED ENTERPRISE, INC., a foreign corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, | |
| Defendant. | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon plaintiff's attorney, WINER MEHEULA & DEVENS, LLP, whose address is 707 Richards Street, Ocean View Center, PH-1, Honolulu, Hawaii 96813, an answer to the Complaint which is attached, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii  OCT 3 2007

_____
CLERK OF THE ABOVE-ENTITLED COURT

2