IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCD RMA, LLC d/b/a RMA SALES CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> FARSIGHTED ENTERPRISES, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, <br><br> Defendants. <br> _____ <br><br> FARSIGHTED ENTERPRISES, INC., <br> Counterclaimant, <br><br> vs. <br><br> SCD RMA, LLC d/b/a RMA SALES CO., <br> Counterclaim Defendant. <br> _____ <br><br> FARSIGHTED ENTERPRISES, INC. <br> Third-Party Plaintiff, <br><br> vs. | CIV. NO. 07-00539 DAE-LEK |

| | |
|---|---|
| JAMES FERNANDO GUARDIA, | ) |
| JOHN DOES 1-10; JANE DOES 1- | ) |
| 10; DOE CORPORATIONS 1-10; | ) |
| DOE ENTITIES 1-10; and DOES | ) |
| GOVERNMENTAL UNITS 1-10. | ) |
| | ) |
| Third Party Defendants. | ) |
| _____ | ) |

## ORDER GRANTING IN PART AND DENYING IN PART GUARDIA'S MOTION FOR JUDGMENT ON THE PLEADINGS

On December 22, 2008, the Court heard Third-Party Defendant James Fernando Guardia's Motion for Judgment on the Pleadings.  Tedson H. Koja, Esq., appeared at the hearing on behalf of James Fernando Guardia ("Guardia"); Philip R. Brown, Esq., appeared at the hearing on behalf of Defendant/Counterclaimant/Third-Party Plaintiff Farsighted Enterprises, Inc. ("Farsighted"); and Derek Mayeshiro, Esq., appeared at the hearing on behalf of Plaintiff SCD RMA, LLC ("RMA").  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART Guardia's Motion.

## BACKGROUND

The facts of the underlying lawsuit are set out in this Court's order denying Farsighted's Motion for Summary Judgment.  Accordingly, those facts are

incorporated herein and this Court will only add the facts relevant to the claims against Guardia.

RMA and Farsighted contracted that Farsighted would produce vinyl window louvers for RMA's use in projects at schools in Hawaii.  Farsighted manufactured the louvers based on a design submitted by Guardia, an engineer who provided consultation services to RMA.  Guardia and Farsighted had entered into a contract on June 28, 2006, wherein Guardia agreed to sell and design various products for Farsighted.  Farsighted confirmed the louver design submitted by Guardia with its own CAD Shop drawing, which converted the measurements used by Guardia into metric measurements for the purpose of off-shore manufacture.

Shortly after receipt of the first shipment of louvers, RMA discovered certain defects, including defective vinyl or no vinyl in some of the blades.  Over the course of the next several months, RMA and Farsighted quarreled over the defect in the louvers and communicated often about their respective positions.  Farsighted claimed that it produced the vinyl louvers in compliance with the design submitted by Guardia.  RMA, relying on a site report conducted by Phil Haisley of Architectural Diagnostics, Ltd., argued that the defect was a failure of manufacturing and materials used by Farsighted.

3

RMA filed suit against Farsighted on October 3, 2007 in the Circuit Court of the First Circuit, State of Hawaii, alleging breaches of contractual duties and implied warranties. Farsighted removed the case to this Court on October 26, 2007. On June 26, 2008, Farsighted filed a third-party complaint against Guardia, alleging that Guardia was responsible for the alleged defective louvers because he created the original design upon which Farsighted relied in manufacturing the louvers.

On November 13, 2008, Guardia filed the instant Motion for Judgment on the Pleadings. (Doc. # 51.) On December 4, 2008, Farsighted filed its opposition (Doc. # 61) and Guardia replied on December 11, 2008 (Doc. # 65).

STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows: "After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party

establishes that there is no material issue of fact and it is entitled to judgment as a matter of law. Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002) overruled on other grounds by United States v. Aukai, 497 F.3d 955 (9th Cir. 2007). The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).

      The court's review is limited to the pleadings. Hal Roach Studios, 896 F.2d at 1550. However, if the court relies on matters presented outside of the pleadings, such as a declaration or other outside statements and/or documents, it shall treat the motion as one for summary judgment. See id.; Anderson v. Anemone, 86 F.3d 932, 934 (9th Cir. 1996); see also Fed. R. Civ. P. 12(b) & 12(c).

      Summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank of Ariz. v.

Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134. Evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005).

## DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. See United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (2d ed. 1987). The basis of the third-party claim may be indemnity, subrogation, contribution, express or implied warranty, or some other theory. Wright & Miller, supra, at § 1446.

The purpose of this rule is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the

6

plaintiff's original claim." Kim v. Fujikawa, 871 F.2d 1427, 1434 (9th Cir. 1989). The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. See Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988). A defendant may not implead someone who is solely liable to plaintiff but a defendant may protect himself by alleging that a third party is liable to plaintiff when he denies his own liability to plaintiff. Wright & Miller, supra, at § 1446.

In his motion, Guardia argues that Farsighted's third-party complaint fails to allege any derivative or secondary liability as required by Rule 14. Guardia contends that Farsighted cannot show Guardia is jointly liable to RMA based upon a contractual or other legal duty it owed to Farsighted and that Farsighted is not entitled to contribution or indemnity from Guardia.

Farsighted responds, however, by pointing out that Guardia and Farsighted had signed a contract that they claim governs the parties' obligations. This contract, Farsighted contends, establishes sufficient grounds for claims of indemnification and/or contribution.

The contract between Farsighted and Guardia, therefore, is central to the determination of the relationship between the parties and whether Farsighted's

claims against Guardia are derivative or secondary, as required by Rule 14.  In his reply memorandum, Guardia objects to the consideration of the contract as establishing that Guardia was, in fact, Farsighted's design consultant and not RMA's design consultant.  Guardia asks this Court to invoke the doctrine of judicial estoppel to prevent Farsighted from making this claim because, Guardia argues, it would be inconsistent with the positions taken in prior Farsighted pleadings.

        The doctrine of judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."  Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997); see also Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996).  It is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from "playing fast and loose with the courts."  Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation omitted).

        In this case, Guardia argues that Farsighted had never before asserted that Guardia was contractually obligated to Farsighted as its designer.  Rather, Guardia points to several prior pleadings in which he claims Farsighted had explicitly taken the position that Guardia was RMA's designer.

In the first instance, this Court notes that several of Farsighted's pleadings on which Guardia relies do not explicitly name Guardia as RMA's designer but merely allege that Guardia was the designer for the window louvers that are the subject of the underlying lawsuit.  (See Guardia's Reply Exs. C, D, & H.)  Guardia is correct, however, that other Farsighted pleadings, including its Memorandum in Support of Motion for Summary Judgment which was filed contemporaneously with the instant motion, name Guardia as "RMA's designer/engineer" or as RMA's agent.  (See Guardia's Reply Exs. F, G, I.)  Guardia contends that the doctrine of judicial estoppel should therefore prevent Farsighted from making the claim in the instant motion that Guardia is Farsighted's designer.

This Court disagrees.  Guardia admits that he was a consultant for RMA.  (Guardia's Reply Ex. A at ¶¶ 9-11.)  However, nothing in that consultant relationship -- insofar as this Court is aware -- prevents Guardia from providing independent consulting services to other clients such as Farsighted.  It could be the case that Guardia was a consultant who contracted with both RMA and Farsighted for various projects.  Therefore, Farsighted's prior pleadings in which it described Guardia as RMA's designer is not necessarily inconsistent with the apparent position they take in the instant motion.  In essence, Guardia could be both RMA's

9

designer and Farsighted's designer. Considering that this Court must construe all facts in the light most favorable to Farsighted, the Court does not find judicial estoppel appropriate on this record. See PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 n.2 (9th Cir. 2007) (describing requirements for judicial estoppel as "strict" and refusing to apply it).

Understanding Guardia's relationship with Farsighted is essential to determine the propriety of Farsighted's claims for indemnification and contribution under Rule 14. Hawaii courts often look to the Restatement (Second) of Torts in defining the nature and scope of such claims. See Hac v. Univ. Hawaii, 73 P.3d 46, 60-61 (Haw. 2003); Brooks v. Dana Nance & Co., 153 P.3d 1091, 1101 (Haw. 2007). The Restatement says that indemnification can be imposed when "two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both." Restatement (Second) of Torts § 886B(1). Under those circumstances, "he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability." Id. Indemnity can be based on either an express contract, a contract implied-in-fact, or equitable concepts relating to a special legal relationship between the tortfeasors. See 41 Am. Jur. 2d § 3 (2004).

Hawaii also recognizes a right of contribution among joint tortfeasors. Haw. Rev. Stat. § 663-12. Contribution is available "when two or more persons become liable in tort to the same person for the same harm, . . . even though judgment has not been recovered against all or any of them." Restatement (Second) of Torts § 886A(1).

Both indemnification and contribution, therefore, are remedies sounding in tort, and not contract. At the hearing on the instant motion, counsel for Farsighted indicated the third-party complaint against Guardia alleged liability in both contract and tort. In essence, Farsighted's counsel argued that the tort liability alleged in the impleader would be for negligent failure to produce a vinyl louver design according to the obligations of the parties' contract.

Such tort liability, however, has been expressly rejected by the Hawaii Supreme Court. See Francis v. Lee Enters., Inc., 971 P.2d 707, 717 (Haw. 1999) ("Hawaii law will not allow a recovery in tort, . . . in the absence of conduct that (1) violates a duty that is independently recognized by the principles of tort law and (2) transcends the breach of the contract."). In other words, courts will not allow tort recovery in cases in which the underlying nature of the claim is essentially a breach of contract. See Burlington Ins. Co. v. United Coatings Mfg. Co., Inc., 518 F. Supp. 2d 1241, 1250-51 (D. Haw. 2007) (analyzing commercial

general liability policies).  To allow otherwise would be to expand the liability of contracting parties beyond the scope of the bargained-for contract.  Id. at 1250 (citing Toombs NJ Inc. v. Aetna Cas. & Sur. Co., 591 A.2d 304, 306 (Pa. Super. 1991) ("To allow indemnification under the facts presented here would have the effect of making the insurer a sort of silent business partner subject to great risk in the economic venture without any prospects of sharing in the economic benefit.  The expansion of the scope of the insurer's liability would be enormous without corresponding compensation.")).

Farsighted's alleged tort claims for negligent fulfillment of the contract are thinly veiled contract claims.  Accordingly, insofar as Farsighted's tort claims are premised on Guardia's supposed failure to produce a design according to their contract, this Court finds that those claims are barred and GRANTS IN PART Guardia's motion.  Moreover, to the extent that those tort claims are barred, the tort remedies of indemnification and contribution are also barred.

However, this Court does not dismiss Guardia entirely from the case.  There are instances in which third parties may be impleaded under Rule 14 when both the underlying lawsuit and the third-party complaint allege breaches of contract.  See Campen v. Greenamyer, 940 F.2d 1533 (9th Cir. 1991) ("we have never held that such derivativeness [under Rule 14] must take the form of an

12

indemnity or contribution claim"); Int'l Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 687 (E.D.N.Y. 1994).

This Court is aware of certain cases that have refused to permit impleader where the original and third-party claims arose from distinct contracts. See, e.g., Ruthardt v. Sandmeyer Steel Co., No. 94-6105, 1995 WL 434366, at *2 (E.D. Pa. July 21, 1995); Blais Constr. Co., Inc. v. Hanover Square Assocs., 733 F. Supp. 149, 157 (N.D.N.Y. 1990). In each of those cases, however, the court found dismissal of the third-party impleader appropriate because the contracts between the parties were distinct in nature and subject matter. In Blais Construction, for example, the main action concerned a construction contract for renovations of buildings. 733 F. Supp. at 157. The contract claim asserted in the third-party action was based on alleged violations of loan agreements. The court found that these "separate and independent contracts" could not serve as the basis for a derivative impleader. Id.

In the instant case, however, the contracts at issue are both directly involved in the underlying claim. The underlying contract between RMA and Farsighted involves the creation and sale of vinyl window louvers. The contract between Guardia and Farsighted is a "Sales Commission and Engineering Contract" in which Guardia agreed to "sell and design Projects" for Farsighted,

13

including vinyl and aluminum products, hardware, component parts, and equipment. (Farsighted Opp'n Ex. A.) The contract fails to specify, however, which vinyl products were to be designed for Farsighted. Namely, the contract does not state Guardia was contractually obligated to design the particular vinyl louvers at issue in the underlying lawsuit. The full scope of Guardia's obligations under his contract with Farsighted is, therefore, unclear from the plain language of the document.

Accordingly, this Court finds that the breach of contract claim alleged in the impleader is dependant on the underlying claim, and that a genuine issue of material fact exists as to what Guardia's relationship was with Farsighted and whether he was contractually liable for the failure of the particular louvers in this case. Indeed, the nature of all of the parties' relationships with each other is disputed. Allowing the impleader will facilitate the policy behind Rule 14, by promoting judicial efficiency and eliminating inconsistent and repetitive claims. See Kim, 871 F.2d at 1434. Moreover, the facts relevant to the third-party claim will also be relevant in the underlying claim, as the issue of faulty design is a key element in both actions. Therefore, taking the facts in the light most favorable to the non-moving party and considering the benefits achieved by impleader, this Court DENIES IN PART Guardia's motion. Farsighted's impleader is allowed to

the extent that Farsighted can allege a breach of contract claim that is dependant on the underlying lawsuit between RMA and Farsighted.

This Court notes that the denial of Guardia's motion will not constitute surprise to Guardia or serve to prejudice him.  Guardia claims that until Farsighted filed its opposition to the instant motion, he had no reason to believe Farsighted would allege he was under a design contract with Farsighted for this project.  However, Guardia signed the contract with Farsighted in June 2006 and has presumably been aware of his relationship with Farsighted since that date.  Moreover, Guardia was aware that Farsighted claimed he was to blame for the defects in the vinyl louvers when it filed its third-party complaint.  Although Farsighted's use of the contract now to argue it had a contractual relationship with Guardia may clarify its position, it does not pose a new <u>legal</u> theory.  The contract is merely a piece of evidence supporting its original claims for secondary or derivative liability.

Finally, Guardia will not suffer prejudice by this Court's denial of his motion.  There is no need for Farsighted to amend its third-party complaint, and the parties have until February 9, 2009 to explore the nature of their contractual relationship through discovery.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Guardia's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 23, 2008.



_____
David Alan Ezra
United States District Judge

SCD RMA, LLC v. Farsighted Enterprises, Inc., CV No. 07-00539 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART GUARDIA'S MOTION FOR JUDGMENT ON THE PLEADINGS